**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number (*if known*): _____    Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Appgate Cybersecurity, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Cyxtera Cybersecurity, Inc. d/b/a AppGate;<br>SIS Acquisition Corp. II;<br>SIS Acquisition Corp. III;<br>SIS Acquisition Corp. IV;<br>Cyxtera Software, Inc.;<br>Newton Merger Sub Corp. |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 81-4635215 |

| | |
|---|---|
| 4. | **Debtor's address** |

**Principal place of business**

**2 Alhambra Plaza**
Number    Street

**Suite PH – 1 – B**

**Coral Gables**    **Florida**    **33134**
City    State    Zip Code

**Miami-Dade County**
County

**Mailing address, if different from principal place of business**

Number    Street

P.O. Box

City    State    Zip Code

**Location of principal assets, if different from principal place of business**

Number    Street

City    State    Zip Code

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | **https://www.appgate.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| Debtor | **Appgate Cybersecurity, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5182**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| | | | MM/DD/YYYY | | |
| District | | When | | Case number | |
| | | | MM/DD/YYYY | | |

| Debtor | **Appgate Cybersecurity, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
|---|---|

☒ Yes.    Debtor    **See Rider 1**      Relationship    **Affiliate**

List all cases. If more than 1, attach a separate list.

District    **District of Delaware**      When    **05/06/2024**

Case number, if known   _____     MM / DD / YYYY

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number      Street

_____
City      State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| Debtor | **Appgate Cybersecurity, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$500 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☒ $100,000,001–$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☐ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☒ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __05/06/2024__
                MM/ DD / YYYY

✗  __/s/ Rene A. Rodriguez__                    Rene A. Rodriguez
   Signature of authorized representative of debtor    Printed name

Title   __Chief Financial Officer__

**18. Signature of attorney**

✗  __/s/ Patrick Reilley__        Date   __05/06/2024__
   Signature of attorney for debtor        MM/DD/YYYY

**Patrick Reilley**
Printed name

**Cole Schotz P.C.**
Firm name

**500**                **Delaware Avenue**
Number                Street

**Wilmington**                                **DE**        **19801**
City                                        State        ZIP Code

**(302) 651-2004**                        **preilley@coleschotz.com**
Contact phone                            Email address

**4451**                        **Delaware**
Bar number                        State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**

(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Appgate, Inc.

Appgate, Inc.
Appgate Cybersecurity, Inc.
Catbird Networks, Inc.
Cryptzone International Holdings, Inc.
Cryptzone North America, Inc.
Cryptzone Worldwide, Inc.
Easy Solutions Enterprises Corp.
Easy Solutions, Inc.
Immunity Federal Services, LLC
Immunity Products, LLC
Immunity Services, LLC
Immunity, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| APPGATE CYBERSECURITY, INC., | ) | Case No. 24-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Appgate, Inc. | 2 Alhambra Plaza, Suite PH-1-B Coral Gables, Florida 33134 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APPGATE CYBERSECURITY, INC., | ) | Case No. 24-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Appgate, Inc. | 100% |

**Fill in this information to identify the case:**

**Debtor name:** Appgate, Inc., et al.

**United States Bankruptcy Court for the:** District of Delaware

**Case number (if known):** 24-_____

☐ Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders, on a Consolidated Basis  **12/15**

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. **Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Gartner 12651 Gateway Blvd Ft Meyers FL 33913 | Accounts Receivable Tel: (239) 561-4815 AccountsReceivable.NA2@gartner.com | Trade Claim | ☐ C ☐ U ☐ D | | | $1,094,675.01 |
| 2 | Greenberg Traurig P.A. 333 S.E. 2nd Avenue Suite 4400 Miami FL 33131 | Robert Martell Tel: (305) 789-5425 Robert.Martell@gtlaw.com | Trade Claim | ☐ C ☐ U ☐ D | | | $444,596.02 |
| 3 | BDO USA LLP 330 North Wabash Suite 3200 Chicago IL 60611 | Tracy Gates Tel: (216) 325-1700 tgates@bdo.com | Trade Claim | ☐ C ☐ U ☐ D | | | $345,899.34 |
| 4 | Amazon Web Services 410 Terry Avenue North Seattle WA 98109-5210 | Accounts Receivable Tel: (833)-448-2289 aws-receivables-support@amazon.com | Trade Claim | ☐ C ☐ U ☐ D | | | $252,116.65 |
| 5 | Softtek Integration Systems Inc. 15303 Dallas Pkwy Suite 200 Addison TX 75001 | Ivette Viramontes Macías Tel: 52(81) 1932-4400 ivette.viramontes@softtek.com | Trade Claim | ☐ C ☐ U ☐ D | | | $162,000.00 |
| 6 | Fontainebleau Miami Beach PO Box 865011 Orlando FL 32886-5011 | Jason LaCkore Tel: (954) 868-0007 jlackore@fontainebleau.com | Trade Claim | ☐ C ☐ U ☑ D | | | $116,807.83 |

Debtor   **Appgate, Inc., et al.**                                                    Case number *(if known)* **24-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Daversa Partners 330 Madison Avenue New York NY 10017 | Cindy Blount Tel: (917) 364-2958 cindy.blount@daversapartners.com | Trade Claim | ☐ C ☐ U ☐ D | | | $116,664.00 |
| 8  Expel, Inc. 12950 Worldgate Drive Suite 200 Herndon VA 20170 | AR Team Tel: (844) 397-3524 ar@expel.io | Trade Claim | ☐ C ☐ U ☐ D | | | $113,844.00 |
| 9  Optiv Security, Inc. 1144 15th St. Suite 2900 Denver CO 80202 | AR Team Tel: (800) 574-0896 AR@Optiv.com | Trade Claim | ☐ C ☐ U ☐ D | | | $109,673.65 |
| 10  Insight - PCM File 55327 Los Angeles CA 90074-5327 | Nicolas Tjorbajes Tel: (800) 934-4477 Nicolas.Tjorbajes@insight.com | Trade Claim | ☐ C ☐ U ☐ D | | | $104,152.10 |
| 11  GitHub, Inc 88 Colin P Kelly Jr. Street San Francisco CA 94107 | Accounts Receivable ar@github.com | Trade Claim | ☐ C ☐ U ☐ D | | | $95,208.67 |
| 12  Google Inc. PO Box 39000 Dept. 33654 San Fransisco CA 94139 | The Collections Team remittance-request@google.com | Trade Claim | ☐ C ☐ U ☐ D | | | $65,631.18 |
| 13  Leidos, Inc. 1750 Presidents St Reston VA 20190 | Amy Flores Tel: (520) 571-7630 Amy.J.Flores@leidos.com | Trade Claim | ☐ C ☐ U ☐ D | | | $52,912.50 |
| 14  Okin Process Inc 7965 Kennedy Hill Drive San Antonio TX 78221 | Marisa Ponce Tel: (210) 852-4008 marisa.ponce@okinprocess.com | Trade Claim | ☐ C ☐ U ☐ D | | | $50,943.00 |
| 15  Kojima Gobancho Kataoka Bldg 4F Tokyo 13 999-9999 Japan | Nakamura Kumiko Tel: 81-3-3222-1401 nakamura@kojimalaw.jp | Trade Claim | ☐ C ☐ U ☐ D | | | $48,454.11 |
| 16  Anvil Ventures, Inc. DBA Anvil Secure 2125 Western Ave Suite 2 Seattle WA 98121 | Larry Sledge larry.sledge@anvilsecure.com | Trade Claim | ☐ C ☐ U ☐ D | | | $48,300.00 |

Debtor    **Appgate, Inc., et al.**                                    Case number *(if known)* **24-_____**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Udemy, Inc 600 Harrison St 3rd Fl San Francisco CA 94107 | AR Team ar@udemy.com | Trade Claim | ☐ C ☐ U ☐ D | | | $47,300.00 |
| 18 | Reveneer Inc. 10 State St. 2nd Floor Woburn MA 01801 | Diem Lu Tel: (978) 273-1870 Dlu@reveneer.io | Trade Claim | ☐ C ☐ U ☐ D | | | $45,500.00 |
| 19 | GuidePoint Security LLC 2201 Cooperative Way Suite 225 Herndon VA 20171 | Accounts Receivable Tel: (877) 889-0132 ar@guidepointsecurity.com | Trade Claim | ☐ C ☐ U ☐ D | | | $38,700.00 |
| 20 | ISMG - Information Security Media G 902 Carnegie Center Ste 430 Princeton NJ 08540 | ISMG Accounting Tel: (609) 356-1499 accounting@ismg.io | Trade Claim | ☐ C ☐ U ☐ D | | | $35,000.00 |
| 21 | LinkedIn Corporation 62228 Collections Center Drive Chicago IL 60693-0622 | LinkedIn Receivables Department Tel: (206) 777 4750 receivables-namerica@linkedin.com | Trade Claim | ☐ C ☐ U ☐ D | | | $33,433.52 |
| 22 | International CIO Leadership Association 1 Concourse Pkwy Suite 100 Atlanta GA 30328 | Kristin Hayes Tel: (706) 974-8749 accounting@inspirecio.com | Trade Claim | ☐ C ☐ U ☐ D | | | $33,000.00 |
| 23 | ZoomInfo Technologies LLC 805 Broadway St Suite 900 Vancouver WA 95113 | Accounts Receivable Tel: (866) 904-9666 ar@zoominfo.com | Trade Claim | ☐ C ☐ U ☐ D | | | $28,180.00 |
| 24 | Carahsoft Technology Corp 11493 Sunset Hills Rd. Suite 100 Reston VA 20190 | Sage Physic Tel: (571) 662-4963 Sage.Physic@Carahsoft.com | Trade Claim | ☐ C ☐ U ☐ D | | | $27,119.36 |
| 25 | Protiviti 12269 Collections Ctr Dr Chicago IL 60693 | Maryann Kanemoto procash-ar@protiviti.com | Trade Claim | ☐ C ☐ U ☐ D | | | $26,160.47 |
| 26 | SMB Group, LLC 7830 SW 85th Court Miami FL 33143 | Suzel Broe suzelbroe@hotmail.com | Trade Claim | ☐ C ☐ U ☐ D | | | $26,075.55 |

Debtor    **Appgate, Inc., et al.**                                    Case number *(if known)* **24-_____**

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27  MorganFranklin Consulting LLC 420 Lexington Avenue Suite 1650 New York NY 10170 | MFC Billing billinginquiries@morganfranklin.com | Trade Claim | ☐ C ☐ U ☐ D | | | $25,800.51 |
| 28  Fragomen 1400 Broadway New York NY 10018 | Matthew Heney Tel: (732) 862 5158 mheney@fragomen.com | Trade Claim | ☐ C ☐ U ☐ D | | | $20,616.42 |
| 29  Navex Global Inc. PO Box 60941 Charlotte NC 28260-0941 | Accounts Receivable Tel: (866) 297-0224 ar@navex.com | Trade Claim | ☐ C ☐ U ☐ D | | | $18,064.95 |
| 30  CDW Direct LLC PO Box 75723 Chicago IL 60675-5723 | Customer Relations CustomerRelations@web.cdw.com | Trade Claim | ☐ C ☐ U ☐ D | | | $17,396.00 |

Fill in this information to identify the case and this filing:

Debtor Name      **Appgate Cybersecurity, Inc.**

United States Bankruptcy Court for the:      **District of Delaware**

                                                                    (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors      12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        05/06/2024                              ☒ */s/ Rene A. Rodriguez*
                   MM/DD/YYYY                             Signature of individual signing on behalf of debtor

                                                         **Rene A. Rodriguez**
                                                         Printed name

                                                         **Chief Financial Officer**
                                                         Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**OMNIBUS ACTION BY UNANIMOUS WRITTEN
CONSENT OF THE BOARDS OF DIRECTORS
AND THE BOARDS OF MANAGERS, AS APPLICABLE,
OF APPGATE, INC. AND EACH OF THE SUBSIDIARIES HERETO**

**Dated as of May 6, 2024**

The undersigned, being all members of the board of directors or sole managing members, as applicable (each, a "Governing Body," and collectively, the "Governing Bodies") of Appgate, Inc. and each of the subsidiaries listed on **Schedule I** hereof (each, a "Company," and collectively, the "Companies"), in lieu of a special meeting of each Governing Body in accordance with the bylaws, operating agreements, articles of association, or limited liability company agreements of each Company (collectively, the "Governing Documents"), as applicable, and the applicable laws of the jurisdiction in which such Company is organized, do hereby approve, consent to, and adopt the following recitals and resolutions, with the same force and effect as if they had been adopted at a duly convened meeting of each Governing Body.

**WHEREAS**, on May 3, 2024, following extensive, good-faith, arm's length negotiations, the Companies entered into the restructuring support agreement (including all exhibits attached thereto, the "RSA") by and among each Company and the Consenting Stakeholders (as defined in the RSA);

**WHEREAS**, each Governing Body has reviewed and considered:  (a) the filing of voluntary petitions for relief (collectively, the "Bankruptcy Petitions") for each Company under the provisions of chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") pursuant to the Governing Documents, as applicable, and the applicable laws of the jurisdiction in which each Company is organized (together with the transactions contemplated by the RSA, the "Restructuring Matters"); (b) the filing of a plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") and related disclosure statement (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") pursuant to the Bankruptcy Code in accordance with the milestones set forth in the RSA; (c) entry into and performance under the DIP Facility Documents (as defined herein); and (d) the retention of professionals by each Company;

**WHEREAS**, the Companies propose to enter into that certain Superpriority Secured Debtor-in-Possession Credit Agreement by and among Appgate Cybersecurity, Inc., a Delaware corporation (the "Borrower"), each Guarantor (as defined in the DIP Credit Agreement) party thereto from time to time, the Lenders (as defined in the DIP Credit Agreement) party thereto from time to time, and U.S. Bank Trust Company, National Association, as administrative agent and collateral agent (the "DIP Credit Agreement");

**WHEREAS**, each Governing Body has determined that the DIP Credit Agreement and the other transactions contemplated by the DIP Facility Documents (as defined below) are necessary or convenient to the conduct, promotion, or attainment of the business of each Company;

**WHEREAS**, each Governing Body deems it desirable and in the best interests of the respective Companies to approve, as applicable, the DIP Credit Agreement, the DIP Facility Documents (as defined below), and the use of Cash Collateral (as defined below);

WHEREAS, each Governing Body has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors, and has had adequate opportunity to consult with such persons regarding the materials presented, obtain additional information, and fully consider each of the strategic alternatives available to each Company; and

WHEREAS, each Governing Body has determined, in its business judgement, that the following resolutions are advisable and in the best interest of the Companies, their creditors, other stakeholders, and other parties in interest.

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the Governing Documents, as applicable, each Governing Body does hereby adopt, on behalf of the Company of which it is the Governing Body, the following resolutions:

## CHAPTER 11 FILING

RESOLVED, that in the business judgment each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company files or causes to be filed the Bankruptcy Petitions under the Bankruptcy Code in the Bankruptcy Court, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, hereby consents to, authorizes, and approves the filing of the Bankruptcy Petitions;

FURTHER RESOLVED, that any director or other duly appointed officer of each Company (collectively, the "Authorized Persons," and each an "Authorized Person"), shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary or proper to maintain the ordinary course operations of each Company's business;

FURTHER RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all other petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses;

## USE OF CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION

FURTHER RESOLVED, that in the business judgment of each Governing Body, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of: (a) the use of cash collateral, as such term is

defined in section 363(a) of the Bankruptcy Code (the "<u>Cash Collateral</u>"), which is security for certain of the Companies' prepetition secured lenders under certain credit facilities by and among certain of the Companies, the guarantors party thereto, and the lenders party thereto and (b) the incurrence of debtor in possession financing obligations pursuant to the DIP Credit Agreement (the "<u>DIP Financing</u>") by entering into a superpriority secured term loan credit facility (the "<u>DIP Facility</u>"), subject to the terms of the DIP Credit Agreement;

**FURTHER RESOLVED**, that the Authorized Persons, acting alone or with one or more other Authorized Persons be, and they hereby are, authorized, empowered and directed to execute and file on behalf of each Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Company's business;

**FURTHER RESOLVED**, that each Company will obtain benefits from the incurrence of the DIP Financing;

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain liens, claims, and adequate protection to the Lenders (as defined in the DIP Credit Agreement) (collectively, the "<u>DIP Obligations</u>") as documented in a proposed order in interim and final form (together, the "<u>DIP Orders</u>") to be submitted for approval to the Bankruptcy Court;

**FURTHER RESOLVED**, that in the business judgment of each Governing Body, the form, terms, and provisions of the each of the instruments and documents governing the DIP Facility to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Persons of each Company be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of the DIP Orders and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party, including, but not limited to, any security and pledge agreement or guaranty agreement in connection with the DIP Facility (collectively with the DIP Orders, the "<u>DIP Facility Documents</u>"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Companies, with such changes, additions, and modifications thereto as the officers of each Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

**FURTHER RESOLVED**, that to the extent applicable, each Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby is, authorized to incur the DIP Obligations and certain obligations related to the DIP Financing and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Facility Documents (collectively, the "<u>DIP Transactions</u>"), including guaranteeing such obligations and granting liens on its assets to secure such obligations;

**FURTHER RESOLVED**, that the Authorized Persons of each Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company, as debtors and

debtors in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including delivery of: (a) the DIP Facility Documents; (b) such other instruments, certificates, notices, assignments, agent fee letters, and documents as may be reasonably requested by the applicable agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Facility Documents;

**FURTHER RESOLVED**, that each of the Authorized Persons of each Company be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the DIP Facility Documents, which shall in their sole judgment be necessary, desirable, proper, or advisable to perform any of each Company's obligations under or in connection with the DIP Orders or any of the other DIP Facility Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization for approval to use Cash Collateral pursuant to the DIP Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing adequate assurance to the Prepetition Secured Lenders (as defined in the DIP Credit Agreement) in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Facility Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Lenders (as defined in the DIP Credit Agreement) and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the DIP Facility Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof;

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (b) the law firm of Cole Schotz P.C. as co-bankruptcy counsel; (c) Triple P

Securities, LLC, as investment banker; (d) Triple P RTS, LLC as financial advisor; (e) Donlin, Recano & Company, Inc., as noticing and claims agent; and (f) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals the Authorized Persons deem necessary, appropriate, or advisable (clauses (a) through (f), collectively, the "Restructuring Advisors"); each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, each of the Authorized Persons, with the power of delegation, is, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and to perform such further actions and execute such further documentation that the Authorized Persons in their absolute discretion deem necessary, proper, appropriate, or desirable in connection with each Company's chapter 11 cases and in accordance with the foregoing resolutions;

## CHAPTER 11 PLAN AND DISCLOSURE STATEMENT

**FURTHER RESOLVED**, that in the business judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other stakeholders that the Authorized Persons file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents related thereto, and to take any and all actions that each Governing Body deems necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Plan and Disclosure Statement are hereby approved by each Governing Body;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed, together with the Restructuring Advisors, to file all other documents as each, in his or her discretion, may deem necessary or advisable to confirm a chapter 11 plan of reorganization that is materially consistent with the Plan and the RSA;

**FURTHER RESOLVED**, that each Authorized Person be, and hereby is, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate a chapter 11 plan of reorganization that is materially consistent with the Plan, and the RSA, if confirmed by the Bankruptcy Court;

## GENERAL

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates), either individually or as otherwise required by the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such

Company is organized, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of each Company relating to the Restructuring Matters;

**FURTHER RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents, as applicable, of each Company, or hereby waives any right to have received such notice;

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed, and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Company; and

**FURTHER RESOLVED**, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with the Governing Documents, as applicable, of each Company and the applicable laws of the jurisdiction in which such Company is organized, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

*       *       *       *       *

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of Appgate, Inc., do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

Manuel D. Medina

Fahim Ahmed

Leo Taddeo

Benjamin Phillips

Jonathan J. Ledecky

Lisa Sibenac

Steven G. Panagos

Jeanne Manischewitz

**BEING ALL THE DIRECTORS OF APPGATE, INC.**

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

DocuSign Envelope ID: 40E51C11-AE01-4E49-8E3E-C42EE5901144

**IN WITNESS WHEREOF**, the undersigned, constituting the board of directors of the entities listed below do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**BOARD OF DIRECTORS OF:**

Appgate Cybersecurity, Inc.

Catbird Networks, Inc.

Cryptzone Worldwide, Inc.

Cryptzone International Holdings Inc.

Cryptzone North America Inc.

Easy Solutions Enterprises Corp.

Easy Solutions, Inc.

Immunity, Inc.

DocuSigned by:

*Jeremy Dale*

37F7EAEFC00A3...

Jeremy M. Dale

DocuSigned by:

*Rene A. Rodriguez*

142186BF51BB4FD...

Rene A. Rodriguez

DocuSigned by:

1414F377003544C...

Steven G. Panagos

DocuSigned by:

3AB4EEC4BC95489...

Jeanne Manischewitz

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

DocuSign Envelope ID: 40E51C11-AE01-4E40-8E3F-C42EE5891144

**IN WITNESS WHEREOF**, the undersigned, constituting the sole managing member of entities listed below do hereby consent to the foregoing actions and resolutions effective as of the date first written above.  This unanimous written consent may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.  This unanimous written consent may be executed by facsimile or email transmission and such facsimile or email transmission shall be valid and binding to the same extent as if it was an original.

**SOLE MANAGING MEMBER OF:**

Immunity Federal Services, LLC
Immunity Products, LLC
Immunity Services, LLC

DocuSigned by:

*Jeremy Dale*

Jeremy Dale

*[Unanimous Written Consent - Joint Filing Resolutions Signature Page]*

## <u>Schedule I</u>

Appgate Cybersecurity, Inc.
Catbird Networks, Inc.
Cryptzone Worldwide, Inc.
Cryptzone International Holdings Inc.
Cryptzone North America Inc.
Easy Solutions Enterprises Corp.
Easy Solutions, Inc.
Immunity, Inc.
Immunity Federal Services, LLC
Immunity Products, LLC
Immunity Services, LLC